STAFFORD, respondent, *v.* HORNBUCKLE ET AL., appellants.

DECREE — *presumption of validity.* A decree of the district court will be presumed to be supported by every thing necessary to its validity until the contrary appears by averment and proof.

EVIDENCE — *effect of immaterial testimony.* A judgment will not be reversed because of the admission even of improper testimony when it is clear that it involves no injury to the party appealing.

CONSTRUING *a court decree.* By a former decree of court rendered in the case of *Gallagher et al.* v. *Basey et al.*, 1 Mon. 457, and 20 Wall. 670, the plaintiff in this action was decreed entitled to 35 inches of water at the head of his ditch, and then to make good this amount it required that defendants should allow 125 inches of water to flow past the head of their ditch.

*Held*, that the plaintiff by this decree was entitled to the full amount of 125 inches of water at the head of defendant's ditch, and that if by any means he could save it from waste or sinking, he was entitled to the benefits thereof, and that defendants had no cause or right to complain.

ESTOPPEL — *deed* — *silence* — *fraud.* When there is no estoppel pleaded and no fraud alleged, the deed must speak for itself ; mere silence does not work an estoppel, in absence of fraud. *Griswold* v. *Boley,* Mon. 560.

EVIDENCE — *oral declarations* — *rebuttal.* When title is attempted to be proved by oral declarations of the grantors, it may be shown in rebuttal that those grantors made different and contradictory statements, and this is not in conflict with the rule that declarations of grantor in disparagement of his title are inadmissible.

It is not such an error as to warrant a reversal of a judgment because evidence was allowed on in rebuttal which should have been given in chief, when an opportunity was given by the court to produce testimony in contradiction.

ASSIGNMENT *of errors.* An assignment of error will be disregarded that does not specify particularly and clearly wherein the evidence fails to support the verdict.

INSTRUCTIONS *explained.* One of the instructions complained of was in these words : " If it is admitted in the pleadings or proved to your satisfaction that the legal title to this water is in the plaintiff, the defendants to maintain their defense must show their equitable title, and that the plaintiff is trustee for them, by a preponderance of evidence." Such an instruction was proper to inform the jury that the same quantity of proof was necessary to establish the equitable title of defendants whether the legal title of plaintiff was admitted or proved, it was not leaving to the jury to say what was admitted by the pleadings.

## *Appeal from Third District, Meagher County.*

CHUMASERO & CHADWICK, and SHOBER & LOWRY, for appellants.

Plaintiff, by the decree in case of *Gallagher et al.* v. *Basey et al.*, was only entitled to 35 inches of water at any point above the head of the ditch — any other construction would render the decree void for uncertainty. A decree can only declare facts put in issue by pleadings. *Stewart* v. *F. & M. Bank,* 19 Johns. 505. There was no separate claim by Stafford. Wharton on Ev. 838 ; *Bliss* v. *Nichols,* 12 Allen, 443 ; *Cook* v. *Barr,* 44 N. Y. 156.

It was competent to show what was said by Stafford at the time he conveyed his interest. *Ming* v. *Woolfolk, ante,* 380.

The evidence of Rotwitt, Toombs *et al.* was not proper rebuttal.

Any evidence that the 35 inches of water in controversy was the property of the Avalanche Ditch Co. should have been admitted.

What was admitted by the pleadings was for the construction of the court and not within the province of the jury.

E. W. & J. K. TOOLE, for respondent.

The decree in the former suit settled the rights of all parties. It was accepted by all parties. The pleadings admit respondent's title, and the only question at issue is whether he ever divested himself of such title to the appellants or their predecessors in interest. Respondent's individual right was expressly reserved in the deed.

Appellants seeking to establish equitable title by oral evidence, testimony of the same kind is good in rebuttal.

Appellants' appropriation was really only what was in excess of 125 inches, it being established that such an amount was necessary to make 35 inches at the head of respondent's ditch. Respondent is entitled to save this waste for his own use, if possible.

Respondent cites the following authorities: *Drake* v. *Duvenick,* 45 Cal. 461 ; 15 id. 263 ; 14 Peters, 448 ; 46 Cal. 234 ; 6 Otto, 547 ; 52 N. Y. 191 ; *Kidd* v. *Laird,* 15 Cal. 161–182.

WADE, C. J.     On the 11th day of July, 1871, in an action pending in the district court of Meagher county wherein these defendants and another were plaintiffs, and this plaintiff and others were defendants, the plaintiff herein was adjudged entitled to the use and enjoyment of certain waters of a stream in said county known as Avalanche creek. [1 Mon. 457, *Gallagher et al.* v. *Basey et al.,* and id. 20 Wall. 670] and the complaint herein charges a wrongful diversion of said waters by the defendants, to the injury and damage of the plaintiff, and prays for an injunction and a judgment for the damages so sustained.

The defendants in their answer among other things admit the rendition of the decree in the case named adjudging and decreeing to the plaintiff the aforesaid water, but aver that the same was so rendered in favor of the plaintiff as the trustee of, and for

thė usc of the owners of the Avalanche ditch, and that the defendants are the owners of such ditch.

The sole question tried in the case, as shown by the testimony preserved in the record and the special issue submitted to the jury, was, whether or not the decree was rendered in favor of Stafford as trustee for the ditch owners, or for his own individual use and benefit; and whether Stafford, by his deed of March 30, 1878, conveyed to Hornbuckle and Marshall the water so decreed to him.

1. The rendition of the decree in the case of *Gallagher et al.* v. *Basey et al.* being admitted in the answer, the introduction of the decree in evidence could not have injured the defendants, for it was but proving what they had already confessed, and as they made no objection and saved no exception to the introduction of the same, they cannot now predicate error upon its being received in evidence.

And for the same reason that the rendition of the decree was admitted in the answer, and its validity unquestioned, the pleadings in the case in which the decree was rendered were properly excluded from the jury. There were no averments in the answer asking to have the decree in that case set aside or declared void. There was no attack made upon the decree and no allegation that the same was not warranted by the pleadings in the case. The defendants claimed title to the water named in the decree by virtue of the same, and the plaintiff's conveyance to them, upon the ground that the decree was rendered for their benefit, and they were therefore in no position to, and they did not attack the validity of the decree in their answer herein, and hence no question arose in the case calling in question the decree, and for that reason [the rendition of the decree being admitted] the pleadings therein were properly excluded from the evidence. Under the averments of the answer the appellants could not have been prejudiced by the exclusion of such testimony. There were no averments therein that the pleadings in the Gallagher and Basey case would have tended to have proved, and there were no averments in the complaint or replication that such pleadings would have tended to disprove. Even if there was error in

rejecting those pleadings it was an error without prejudice or injury, and a judgment will not be reversed for such an error. *Jackson* v. *Hastings*, 46 Cal. 234; *Moon* v. *Rollins and Condrey*, 36 id. 333. It does not appear for what purpose the pleadings in that case were offered in evidence or how they became material.

After the rendition of the decree had been admitted and its validity confessed by the defendants in their answer, if those pleadings were to go in evidence, their materiality should have been pointed out. It is claimed in the brief of appellants that as to the water decreed to Stafford it was outside of any issues tendered in the pleadings in that case, and that a court will not in a decree declare any fact not put in issue by the pleadings. This is undoubtedly true, but the decree is presumed to be supported by every thing necessary to its validity, until the contrary appears by averment and proof, and if the defendants had wished to attack the decree, they should have made the necessary averments in their answer, instead of which they claimed title under the decree and thereby affirm its validity. They aver in substance in their answer that the water decreed to Stafford belonged to him in his own right, and that he for the consideration named in the answer, and prior to the rendition of the decree sold the same to the Avalanche Ditch Company; that the decree, though rendered in the name of Stafford, was for the benefit of the company, Stafford being simply a trustee.

They therefore affirm the validity of the decree and take issue only upon the question whether the water so decreed to Stafford belonged to him or to the Avalanche Ditch Company.

2. It appears by the admission in the pleadings and the proofs that it required 125 inches of water at the head of the defendants' Avalanche ditch to make 35 inches at the head of plaintiff's White and Tower ditch, and it is necessary to determine whether under the decree aforesaid the plaintiff is entitled to the use and enjoyment of all the water that must pass the head of the defendants' ditch to make the required amount at the head of plaintiff's ditch. The decree provides " and it appearing from the premises to the satisfaction of the court that as against the plaintiffs (these defendants and another) in this action, the right of the

defendant (the plaintiff) J. V. Stafford to the use and enjoyment of such an amount of the waters of Avalanche creek mentioned in plaintiffs' complaint, to be taken from said creek at the head of defendant's ditch (the Avalanche ditch) as would amount to 35 inches at the head of the plaintiffs' (White and Tower) ditch is clearly and fully established, and that as against the defendants in this action, saving the above amount of the waters of said gulch, the plaintiffs in this action are clearly entitled to the free use, occupation and enjoyment of 215 inches, miners' measure of the waters of said Avalanche creek to be taken therefrom at a point where their said ditch taps said Avalanche creek as described in said complaint, and that the said plaintiffs have an indisputable right as against the defendants to have said amount of the waters of said gulch at all times to flow down said creek to the head of said ditch." The defendants are therefore perpetually enjoined from interfering with the flow of Avalanche creek to the amount of 215 inches thereof down the natural channel of the gulch to the head of the plaintiff's ditch. This is subject, however, to the right of Stafford at all times to take of the waters of said creek 35 inches at the point thereon where the plaintiff's ditch taps the same, or at any point on said creek above where plaintiff's ditch taps the same.

Under this decree the Avalanche Ditch Company (now these appellants) were required to let flow past the head of their ditch sufficient of the waters of said creek as would make 35 inches at the head of White and Tower, the respondents' ditch. The decree declares that Stafford's right to take such an amount of the waters of said stream *at the head of the company's ditch* as would make 35 inches at the head of his ditch *is clearly established;* and in consequence of this right of Stafford it is adjudged that he may at all times and *at any place* on said stream above his ditch take 35 inches of the waters of the stream, which 35 inches, considering the right found to exist in the respondent to take sufficient of said waters at the head of appellant's ditch as should make 35 inches at the head of respondents' ditch, and considering the decree as a whole, must be construed to mean such an amount of said waters as would make 35 inches at the head

of respondent's ditch. That is the point designated in the decree for the measurement of the water, and the respondent is the owner not only of the 35 inches at the head of his ditch, but of sufficient of the waters of the stream at the head of the appellants' ditch, or at any point above his ditch, as would make the required amount at the point of measurement. That is to say, if it requires 125 inches of water at the head of appellants' ditch to make 35 inches at the head of respondent's ditch, then under this decree the respondent is entitled to the 125 inches at the head of appellants' ditch, and is entitled to take such amount of said waters at that point. The intention of the decree, as shown by the language thereof, was and is to give to Stafford at the head of appellant's ditch, accompanied with the right to take the same at that point, or at any point below, sufficient of the waters of the stream to make 35 inches at the head of respondent's ditch. The designation of 35 inches at that point was only a means of measuring the amount that Stafford became entitled to at the head of appellants' ditch and the amount they were required to let flow past their ditch for the use and benefit of Stafford. The amount of water which they were thus required to let flow past the head of their ditch is found to be 125 inches, and that amount of the waters of the stream under the decree the respondent became entitled to at any point between the head of appellants' and respondent's ditches.

What Stafford may have done to improve the stream and to prevent the loss of water between his ditch and that of the appellants, or what other waters he may have turned into the stream since the rendition of the decree, between these two points, does not affect the question. His right must be determined by the decree and its application to the surrounding conditions at the date thereof.

3. It was sought by the appellants to show that the 35 inches of water so decreed to Stafford were by him conveyed to them by the deed of March 30th, 1878, and for this purpose they asked Hornbuckle, one of the appellants, the following question: "What, if any thing, was said at the time (that is at the time of making the deed) by Stafford as to any individual claim by

Stafford to rights in the Avalanche gulch?" The deed in plain, unambiguous terms purports to quitclaim to Hornbuckle and Marshall the interest of Stafford in the property of the Avalanche Ditch Company, expressly reserving from said conveyance the individual rights of Stafford. His individual right to the waters of Avalanche creek was, therefore, not affected by this quitclaim of his interest in the company property.

Where there is no estoppel pleaded and no fraud alleged the deed must speak for itself. Evidently the purpose of this inquiry was to show that the title to the White and Tower ditch passed to the appellants by the conveyance, for the reason that the respondent failed to declare his title thereto. In other words, that he is estopped by his silence. In the absence of fraud, silence does not work an estoppel. Fraud must be pleaded before it can be proved. And estoppel *in pais* cannot be established in the proof without being alleged in the pleadings. But the respondent was not silent. The deed carefully excludes from the property conveyed all such as the respondent owned in his individual right, and whether he thus owned this 35 inches of water was the sole question tried in this case. In the absence of any fraudulent concealment, the respondent could well stand upon the plain, unambiguous language of his deed as excluding from the conveyance his individual property. Fraudulent concealment, like any other fraud, should have been pleaded, and the proof of mere silence, in the absence of an allegation of fraud, does not establish or tend to establish an estoppel. *Griswold* v. *Boley*, 1 Mon. 560. The case does not come within that of *Ming* v. *Woolfolk*, *ante*, 380; and the question asked the witness was properly excluded.

4. The original members of the Avalanche Ditch Company, grantors of the appellants, had given testimony tending to show that, by virtue of an oral agreement with such grantors, the respondent had divested himself of his title to the water in question.

As affecting their credibility and the weight to be given to their testimony, it was competent for the respondent to show in rebuttal that such grantors had made different and contradictory statements to that testified to by them. And this is not in con-

flict with the rule that the declarations of a grantor in disparagement of his title are inadmissible. The appellants attempted to show that the respondent had parted with his title to this water by the oral declarations of their predecessors in interest, and as discrediting their evidence it was competent, as in any other case, to show that they had made contradictory statements, and that ever since the deed aforesaid, and prior thereto, they had always recognized and acknowledged the respondent's individual right to the water in question.

At the close of this rebutting testimony by the respondent, the record shows that the court announced to the attorneys of the appellants that they were at liberty to introduce any evidence to contradict or invalidate any evidence theretofore produced by the respondent, as if such evidence had been given and introduced by him in chief in making his case in the first instance.

This opportunity given appellants put the matter entirely at rest, and placed them in the same position as to the production of evidence as if this testimony of respondent had been given when he opened his case, and no possible injury could have resulted to them by the court so directing the order of proof, as it had the right to do. And whether this evidence was properly rebutting testimony or not is wholly immaterial so long as the appellants were given an opportunity to contradict or disprove it.

5. Upon the general assignment of error that the evidence does not support the verdict or special issues found by the jury, we cannot inquire to ascertain the fact or examine the question. The assignment of error should specify particularly and clearly in what respect the evidence fails to support the verdict or it will be disregarded. This has been too often decided to need repeating here.

6. It is contended that the second instruction given to the jury made it incumbent upon the appellant to show that respondent had parted with the 35 inches of water. The effect of the instruction was that if the respondent had shown that he was the owner of and entitled to the possession of this water for irrigating purposes, the law would presume that such right continued until it was shown that he had parted with the same. The instruction

is correct. If the respondent, by his proof, established title in himself, it was then incumbent upon the appellants either to disprove the title of respondent or to show that he had parted with the same.

It is also claimed that the court, in the instruction number five, left it to the jury to say what was admitted in the pleadings. This is not a correct interpretation of the instruction. The instruction charges the jury, that *as to the ownership of the 35* inches of water, the appellants admit the legal title to the same to be in the respondent, and assert that they are the equitable owners by reason of a transfer of the same to the Avalanche Ditch Company, and, therefore, that the burden of establishing such transfer by a preponderance of evidence is upon them. The instruction places the same burden upon them in case the respondent did not rely upon the admission in the pleadings, and should by the evidence show the title in himself. That is to say, this title being undisputed or conclusively established, the burden would then be upon the appellants to show such a transfer after declaring that the legal title of the respondent is admitted in the pleadings, and therefore that the burden of establishing their equitable title is upon the appellant; the instruction further declares, that "if it is admitted in the pleadings or proved to your satisfaction that the legal title to this water is in the plaintiff, then the defendants, in order to maintain their defense, must show their equitable title, and that the plaintiff is trustee for them, by a preponderance of evidence." The purpose of this part of the instruction was to inform the jury that the same quantity of proof would be required to establish the equitable title of appellants, either if the legal title of respondent was *admitted* in the pleadings or *established* by the proof.

We see no error in the record and the judgment is affirmed with costs.

*Judgment affirmed.*